IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 1:16-cr-00046-RGE-HCA-1 |
| vs. | **REPORT AND RECOMMENDATION** |
| BRANDON DAVID KINNEAR , | |
| Defendant. | |

A Second Amended Petition for Supervised Release Revocation alleged seven violations against Brandon David Kinnear. ECF No. 87. At the May 8, 2026 portion of the video Preliminary and Detention hearing, the government withdrew its pursuit of alleged violations: 1. New Law Violation - Assault, First Degree; 2. New Law Violation - Use of a Weapon to Commit a Felony; 3. New Law Violation - Attempt of Second Degree Murder; and 4. New Law Violation - Assault, Second Degree (Allegations One through Four).

1.     On May 8, 2026, the Court found sufficient credible and reliable evidence that established the alleged violations five through seven.

2.   The evidence, sufficient in nature, established that there was probable cause to believe that the offense alleged in the complaint entitled the United States of America v. Brandon David Kinnear, had been committed and that the defendant had committed it. ECF No. 92.

3.     The government, through AUSA Jason Griese, moved not to pursue alleged violations one through four. Accordingly, the defendant should not be held to answer in district court those alleged violations that are requested to be dismissed.

4.     Final Hearing for Revocation of Supervised Release remains set for 5/18/2026 at 03:00 PM in Council Bluffs before Judge Rebecca Goodgame Ebinger.

**REPORT AND RECOMMENDATION**

Based on the undisputed record presented, the undersigned respectfully recommends that the government's oral motion to dismiss alleged violations one through four, be GRANTED.

The parties have a right to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(l). If there were objections the parties could review *Thompson v. Nix,* 897 F.2d 356, 357 (8th Cir. 1990) and *Wade for Robinson v. Callahan,* 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson,* 897 F.2d at 357. Failure to timely file objections may constitute a waiver of the party's right to appeal questions of fact or conclusions of law. *Bandy v. Arn,* 474 U.S. 140, 155 (1985); *Griffini v. Mitchell,* 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala,* 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson,* 897 F.2d at 357.

Dated May 11, 2026.

Honorable William P. Kelly
U.S. Magistrate Judge